## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lennon V. Peters, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| -against- | |
| Experian Information Solutions, Inc., Santander Consumer USA Inc., Santander Bank, N.A., | |
| Defendants. | |

Plaintiff Lennon V. Peters, by and through his counsel, Petroff Amshen LLP, as and for his complaint against defendants Experian Information Solutions, Inc. ("Experian"), Santander Consumer USA Inc. ("Santander Consumer"), and Santander Bank, N.A. ("Santander") (collectively, the "Defendants"), hereby alleges as follows:

### NATURE OF THE ACTION

1.     This civil action is brought by Plaintiff against Defendants to recover actual, statutory, and punitive damages, along with attorneys' fees and costs for violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §1681, *et seq*., and the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. § 1692, *et seq.*).

2.     Additionally, this action seeks to recover actual damages, together with reasonable attorney's fees for Santander Consumer's and/or Santander's breach of contract and covenant of good faith and fair dealing, as well as their failure to comply with New York General Business Law (the "GBL") § 349. Furthermore, Defendants are in violation of GBL § 380. Sections 374 through 382-b of Article 25 of the GBL codify New York's Fair Credit Reporting Act.

**THE PARTIES**

3.      Plaintiff is an individual residing in Queens County, New York.

4.      Plaintiff is a "consumer" as defined by the FCRA, under 15 U.S.C. § 1681a (b) and (c).

5.      Experian is a credit reporting agency engaged in the business of assembling and disseminating credit reports concerning consumers under 15 U.S.C. § 1681a (f).

6.      Experian is also a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis, as defined by 15 U.S.C. § 1681a (p), as it regularly engages in the practice having the purpose of furnishing consumer reports in the sense of 15 U.S.C. § 1681a (d) regarding consumers residing nationwide to third parties.

7.      At all relevant times, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

8.      Experian is a foreign business corporation organized under the laws of the State of Ohio, maintaining a principal executive office address at 475 Anton Boulevard, Costa Mesa, California 92626, and authorized to do business in the State of New York.

9.      Experian is the subsidiary of Experian PLLC, headquartered in Dublin, Ireland and which holds itself publicly as "the world's leading global information services company."[1]

10.     Santander is a financial institution and/or a card issuer under 15 U.S.C. §§ 1681a (r)(1) and (t).

11.     Santander is one of the several financial companies comprising Santander US.

12.     Santander is owned by Banco Santander, S.A. through its United States intermediate holding company, Santander Holdings USA, Inc.

---

[1]https://www.experianplc.com/content/dam/marketing/global/plc/en/assets/documents/results-and-presentations/2024/experian-q3-fy24-trading-update.pdf

13.     Santander is an entity which in the ordinary course of its business furnishes information to the consumer reporting agencies.

14.     Santander is one of the United States' largest retail and commercial banks with corporate offices in Boston, with employees and customers which are located in Massachusetts, New Hampshire, Connecticut, Rhode Island, New York, New Jersey, Pennsylvania, and Delaware.

15.     Santander is a foreign business corporation organized under the laws of the State of Virginia, maintaining a principal executive office at 75 State Street, Boston, Massachusetts 02109, and authorized to do business in the State of New York.

16.     Santander Consumer is a financial institution under 15 U.S.C. § 1681a (r)(1), and one of the several financial companies comprising Santander.

17.     Santander Consumer is an entity which in the ordinary course of its business furnishes information to the consumer reporting agencies.

18.     Santander Consumer is a foreign business corporation organized according to the rules of the State of Illinois, maintaining a principal executive office address at 1601 Elm Street, Suite 800, Dallas, Texas 75201, and authorized to do business in the State of New York.

## JURISDICTION AND VENUE

19.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p and, as an action to enforce any liability under the statute may be brought in any appropriate United States district court, without regard to the amount in controversy.

20.     Under GBL § 380-n, "[a]n action to enforce any liability, created under this article may be brought in any court of competent jurisdiction."

21.     Additionally, under 28 U.S.C. § 1367, a district court is empowered to exercise supplemental jurisdiction over state law claims, *inter alia*, when they derive from a common nucleus of relevant facts.

22.     Defendants regularly conduct business within the State of New York, are authorized to do business in this state, and violated Plaintiff's rights under the FCRA and the GBL in this state.

23.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District, Defendants conduct business in this District, and communications giving rise to this action occurred in this District.

## STATEMENT OF FACTS

24.     Under 15 U.S.C. § 1681, the consumer reporting agencies must establish "reasonable procedures for meeting the needs of commerce for consumer credit, … and other information in a manner which is fair and equitable to the consumer", *inter alia*, regarding the accuracy of such information.

25.     Pursuant to 15 U.S.C. § 1681(a)(1)(A), when a consumer disputes the "completeness or accuracy of any item of information," and the consumer notifies the agency of such dispute "the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."

26.     The FCRA further imposes on the consumer reporting agencies the duty to promptly (*i.e.*, "before the expiration of the 5-business-day" from the date they received the notice

of dispute) notify the furnisher of information about the same, providing all the relevant information. *See* 15 U.S.C. § 1681(a)(2)(A) and (B).

27.     Notwithstanding, the consumer reporting agency can make its own determination, as it does not have to wait for the feedback of the furnisher of that information. *See* 15 U.S.C. § 1681i(a)(5).

28.     The FCRA also imposes obligations on the entities providing the information relating to a consumer to any consumer reporting agency, aiming to ensure the accuracy of the same, *inter alia*, the duty to correct and update the information regarding the consumer, and to refrain from "thereafter furnish to the agency any of the information that remains not complete or accurate." *See* 15 U.S.C. § 1681s-2(a)(2).

29.     Furthermore, the entity providing information must conduct a proper investigation after the consumer reporting agency notifies it of a dispute.

30.     The investigation of the entity providing information must be completed before the expiration of the thirty-day time frame within which the consumer reporting agency is required to complete its own actions required under the statute, and the result must be reported to the same agency. *See* 15 U.S.C. § 1681s-2(b)(1).

31.     Whenever "an item of information disputed by a consumer is found to be inaccurate or incomplete" or even when it simply "cannot be verified," the furnisher has the duty to (i) modify it; (ii) delete it; or (iii) permanently block the reporting of same. *See* 15 U.S.C. § 1681s-2(b)(1)(E).

32.     Under the FCRA, consumer disputes of inaccurate information must be managed expeditiously and seriously by both the entities furnishing the information and the consumer reporting agencies, as "all relevant information submitted by the consumer" provided during the

30-day period in 15 U.S.C. § 1681(a)(1)(A) must be reviewed and considered. *See* 15 U.S.C. § 1681i(a)(4).

33.     The consumer must be promptly notified in writing (*i.e.*, not later than five business days from when a decision is made to terminate a dispute, or the investigation is completed, depending on the case) by the consumer reporting agency. *See* 15 U.S.C. § 1681i (a)(3) and (6).

34.     The notice must be mailed, and only if specifically authorized by the consumer, sent by other means available to the agency. *See id*.

35.     Additionally, under 15 U.S.C. § 1681i(a)(5), if "an item of the information is found to be inaccurate or incomplete or cannot be verified," the credit reporting agency must "promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate."

36.     An even more expeditious procedure is provided for the consumer reporting agency's reaction and its duty to inform the complaining consumer in this situation. *See* 15 U.S.C. § 1681i(a)(8).

37.     Any consumer reporting agency operating on a nationwide basis, like Experian, "shall implement an automated system through which furnishers of information to that consumer reporting agency may report the results of a reinvestigation that finds incomplete or inaccurate information in a consumer's file to other such consumer reporting agencies." *See* 15 U.S.C. § 1681i(a)(5)(D).

38.     In November 2023, after reviewing the credit report compiled and maintained by Experian, Plaintiff discovered that it reflects incorrect information regarding a charged-off account with Santander (the "Santander Account").

39.     The Santander Account was paid off in December 2021; therefore, the balance should be zero, and the account marked as paid and closed as of the date of the payment. *See* **Exhibit A**, a copy of the notice of dispute which includes a copy of the Santander Consumer's September 21, 2023 letter acknowledging the Santander Account was paid.

40.     Moreover, there should not be an extra delinquent remark in January 2022, which creates the appearance of an account that is delinquent and unpaid for a longer period, albeit being satisfied since December 2021.

41.     However, the balance of the Santander Account and its status are reported inaccurately. *See* **Exhibit B**, a copy of the relevant credit report information.

42.     The inclusion of the erroneous information harshly affected and affects Plaintiff's credit worthiness, his ability to utilize his credit, and damages his credit reputation.

43.     Furthermore, this also caused mental and emotional distress to Plaintiff, stemming from the above damage caused to Plaintiff's credit worthiness, his ability to utilize his credit, and damages his credit reputation.

44.     Plaintiff immediately took appropriate action by disputing the erroneous information with Experian on November 15, 2023. *See* **Ex. A**.

45.     The notice of dispute included copies of the evidence underscoring the inaccuracy of the information, *i.e.*, Santander Consumer's September 21, 2023 letter acknowledging the Santander Account "as paid in full on 12/23/2021," and that Santander Consumer and Santander will "take the necessary steps to update our records with the payoff." *See* **Ex. A**.

46.     Despite being in receipt of Plaintiff's November 15, 2023 notice of dispute, Experian failed to investigate, correct and remove the erroneous information. *See* **Exhibit C**, a

copy of Plaintiff's credit report generated in January 2024, which includes the reference to the Santander Account being charged-off.

47.     Upon information and belief, Experian had all the necessary information to investigate and/or promptly correct the incorrect information but it failed to do so.

48.     Upon information and belief, Experian did not send the notice pertaining to the outcome of his notice of dispute, even though the time within which such notice should have been sent to Plaintiff has lapsed.

49.     Under the FCRA, the obligations incumbent upon the furnishers of information in connection with inaccuracies generally mirror the ones which the credit reporting agencies have.

50.     Upon information and belief, Santander and/or Santander Consumer had all the necessary information to update their records to reflect the Santander Account promptly after the full payment, but failed to do so.

51.     Upon information and belief, Santander and/or Santander Consumer were on notice that Plaintiff's disputed the inaccuracy of the information regarding the Santander Account. However, Santander and/or Santander Consumer failed to update their records as indicated in Santander Consumer's September 21, 2023 letter.

52.     Santander and/or Santander Consumer failed to investigate, correct, and remove the erroneous information regarding the Santander Account even after being on notice of Plaintiff disputing the accuracy of the information which they provided to Experian.

53.     Santander and/or Santander Consumer failed to notify the consumer reporting agencies that the information pertaining to the Santander Account is inaccurate.

54.     Santander and/or Santander Consumer failed to provide to provide the consumer reporting agencies the corrections pertaining to the actual status of the Santander Account, and/or any additional information necessary to render this information complete and accurate.

55.     At all relevant times, Plaintiff was a consumer under the GBL.

56.     At all relevant times, Santander and Santander Consumer were involved in and/or conducted "business, trade or commerce or in the furnishing of" financial services to consumers at large under the GBL.

57.     At all relevant times, Santander and Santander Consumer were involved in a contractual relationship, which would not have existed absent Santander and Santander Consumer's deceptive acts and practices.

58.     Moreover, at all relevant times, Experian, Santander, and Santander Consumer were persons under GBL § 380-a(a).

59.     At all relevant times, Santander and Santander Consumer were persons "who furnish … regularly and in the ordinary course of business" information which is included in consumer credit reports. *See* GBL § 380-a(k).

60.     At all relevant times, Experian was a consumer reporting agency under GBL § 380-a(e).

61.     At all relevant times, Experian was a consumer credit reporting agency under GBL § 380-a(k).

62.     At all relevant times, Plaintiff was a consumer under GBL § 380-a(b).

<u>**COUNT I**</u>
**Against Experian**
**Failure To Establish Reasonable Proceedings**
**(15 U.S.C. § 1681)**

63.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

64.     At all relevant times, Plaintiff was a consumer.

65.     At all relevant times, Experian was a consumer reporting agency conducting the relevant activities on a nationwide basis as defined by 15 U.S.C. §§ 1681a (f) and (p).

66.      Experian compiled and maintained a file on Plaintiff and included in his credit report inaccurate information regarding the Santander Account.

67.     Had Experian complied with its obligations under 15 U.S.C. § 1681 to establish and employ the reasonable procedures therein, the accuracy of the information included in Plaintiff's credit report would have been ensured.

68.     It follows that Experian did not establish and/or does not employ in the regular conduct of its business the reasonable procedures required by 15 U.S.C. § 1681.

69.     By doing so, Experian prejudiced Plaintiff by adversely impacting his credit worthiness, his ability to utilize his credit, and tarnishing his credit reputation.

70.     By its actions, or better said lack of action in complying with the basic statutory obligations, Experian has also caused mental and emotional distress to Plaintiff, stemming from the above damage caused to Plaintiff's credit worthiness.

71.     Experian's violation of 15 U.S.C. § 1681 is willful, as it is an experienced player in the specific market, and it knew, or should have known the obligations incumbent upon it under 15 U.S.C. § 1681.

72.     Additionally, Experian knew that the information pertaining to the Santander Account is inaccurate or should have known upon reasonable investigation.

73.     By doing so, Experian prejudiced Plaintiff by adversely impacting his credit worthiness, his ability to utilize his credit, and tarnishing his credit reputation.

74.     By its actions, Experian has also caused mental and emotional distress to Plaintiff, stemming from the above damage caused to Plaintiff's credit worthiness.

75.     Pursuant to 15 U.S.C. § 1681(n), Plaintiff is entitled to recover actual or statutory damages, and/or punitive damages, and the costs of the action together with reasonable attorney's fees as determined by the court for Experian's willful violation.

76.     Experian acted grossly negligent by ignoring its basic obligations under 15 U.S.C. § 1681.

77.     Therefore, under 15 U.S.C. § 1681(o), Plaintiff is entitled to recover actual damages, and the costs of the action together with reasonable attorney's fees.

78.     The concrete amount of each category of damages Plaintiff suffered is to be established, but the actual and punitive damages should be no less than $100,000.00.

### COUNT II
**Against Experian**
**Failure To Timely And Properly Reasonably Investigate**
**(15 U.S.C. § 1681[a][1][A]; 15 U.S.C. §§ 1681i[a][4] and [5])**

79.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

80.     By notice dated November 15, 2023, Plaintiff disputed the erroneous information regarding the Santander Account with Experian, and provided the relevant documents in support of its dispute. *See* **Ex. A**.

81.     The notice of dispute included copies of the evidence underscoring the inaccuracy of the information, *i.e.*, Santander Consumer's September 21, 2023 letter acknowledging the Santander Account "as paid in full on 12/23/2021," and that Santander Consumer and Santander will "take the necessary steps to update our records with the payoff." *See* **Ex. A**.

82.     Pursuant to 15 U.S.C. § 1681(a)(1)(A), within a 30-day period, Experian should have conducted a free of charge reasonable investigation.

83.     Under 15 U.S.C. § 1681i(a)(4), Experian should have considered all the information provided by Plaintiff.

84.     Upon information and belief, Experian failed to do so, as it failed to record the current status of the disputed information and delete the item from the file.

85.     Markedly, Experian was in possession of the Santander Consumer's September 21, 2023 letter acknowledging the Santander Account "as paid in full on 12/23/2021."

86.     Therefore, the inaccuracy complained of could have been easily and expeditiously established, prompting the deletion of the erroneous information based on the September 21, 2023 letter alone.

87.     Accordingly, Experian is also in violation of 15 U.S.C. § 1681i(a)(5).

88.     Regardless, even if the information could not have been verifiable, Experian had the obligation to "promptly delete that item of information from the file of the consumer, or modify that item of information." *See* 15 U.S.C. § 1681i(a)(5).

89.     Experian's violation is willful, as it is a highly experienced player on the specific market, and they knew, or they should have known the obligations incumbent upon them.

90.     Additionally, Experian knew that the information pertaining to the Santander Account is inaccurate or should have known upon reasonable investigation.

91.     By doing so, Experian prejudiced Plaintiff by adversely impacting his credit worthiness, his ability to utilize his credit, and tarnishing his credit reputation.

92.     By its actions, or better said lack of action in complying with the basic statutory obligations, Experian has also caused mental and emotional distress to Plaintiff, stemming from the above damage caused to Plaintiff's credit worthiness.

93.     Pursuant to 15 U.S.C. § 1681(n), Plaintiff is entitled to recover actual and/or statutory damages, and/or punitive damages, and the costs of the action together with reasonable attorney's fees as determined by the court for Experian's willful violation.

94.     Experian acted grossly negligent by ignoring its obligations.

95.     Accordingly, Plaintiff is entitled to recover actual damages, and the costs of the action together with reasonable attorney's fees as determined by the court. *See* 15 U.S.C. § 1681(o).

96.     The concrete amount of each category of damages Plaintiff suffered is to be established, but the actual and punitive damages should be no less than $100,000.00.

### COUNT III
### Against Experian
### Failure To Promptly Notify Plaintiff
### (15 U.S.C. §§ 1681i [a][3], [a][6] and [a][8])

97.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

98.     Plaintiff sent the November 15, 2023 notice of dispute to Experian. *See* **Ex. A**.

99.     In fact, Plaintiff provided Experian with all the necessary information to enable the investigation of the disputed information. *See* **Ex. A**.

100.    Experian was in receipt of Plaintiff's notice of dispute as of November 21, 2023.

101.    Pursuant to 15 U.S.C. § 1681(a)(1)(A), within a 30-day period as of the date it was notified, Experian should have finalized the required review.

102.    If Experian complied with 15 U.S.C. § 1681(a)(1)(A), it should have notified in writing Plaintiff about the result not later than five [5] business days from when the investigation was completed. *See* 15 U.S.C. § 1681i(a)(6).

103.    If Experian complied with 15 U.S.C. § 1681(a)(1)(A), it should have notified in writing Plaintiff even if there was a reasonable determination "that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." *See* 15 U.S.C. § 1681i(a)(3).

104.    Upon information and belief, Experian did not notify Plaintiff in writing, despite the time to do so having lapsed.

105.    The only situation which dispenses the consumer reporting agencies of the above is when the expedited dispute resolution proceeding applies. *See* 15 U.S.C. § 1681i(a)(8).

106.    However, in this scenario, Experian should have proceeded with the "deletion of the disputed information by not later than 3 business days after the date on which the agency receives notice of the dispute from the consumer in accordance with paragraph (1)(A)" **and**: (A) provide prompt notice of the deletion to Plaintiff by telephone; (B) include in that notice, or in a written notice that accompanies a confirmation and consumer report, a statement of the consumer's right to request under that the agency furnish notifications pursuant to 15 U.S.C. § 1681i(d) (*i.e.*, that a notification about the deletion be sent to any person which received prior the credit report which included the inaccuracy); and (C) provide written confirmation of the deletion and a copy of a consumer report on the consumer that is based on the consumer's file after the deletion, not later than 5 business days after making the deletion.

107.    In fact, based upon Santander Consumer's September 21, 2023 letter alone, Experian should have employed the expedited procedure.

108.    However, Experian failed to proceed according to 15 U.S.C. § 1681i(a)(8), as Plaintiff did not receive the required phone call and notices within the required time-frame.

109.    Experian knew or should have been fully aware of its statutory obligations, and its failure to comply is willful.

110.    Additionally, Experian knew that the information pertaining to the Santander Account is inaccurate or should have known the same upon reasonable investigation.

111.    By its actions, or better said lack of action in complying with the basic statutory obligations, Experian further deepened the damages suffered by Plaintiff.

112.    Pursuant to 15 U.S.C. § 1681(n), Plaintiff is entitled to recover actual or statutory damages, and/or punitive damages, and the costs of the action together with reasonable attorney's fees as determined by the court for Experian's willful violation.

113.    Experian acted grossly negligent by ignoring its obligations.

114.    Accordingly, Plaintiff is entitled to recover actual damages, and the costs of the action together with reasonable attorney's fees as determined by the court. *See* 15 U.S.C. § 1681(o).

115.    The concrete amount of each category of damages Plaintiff suffered is to be established, but the actual and punitive damages should be no less than $100,000.00.

<u>**COUNT IV**</u>
**Against Experian**
**Failure To Promptly Notice The Furnisher Of Information**
**(15 U.S.C. § 1681(a)(2)(A) and (B))**

116.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

117.    "[B]efore the expiration of the 5-business-day" of the receipt of Plaintiff's notice of dispute (*i.e.*, on November 25, 2023), Experian should have notified Santander and/or Santander

Consumer, as furnishers of the disputed information, of Plaintiff's dispute and of the inaccurate information. *See* 15 U.S.C. § 1681(a)(2)(A) and (B)

118.   Upon information and belief, Experian failed to send the required notice and/or if such notice was sent, it did not include all the relevant information.

119.   Experian knew or should have been fully aware of its statutory obligations, and its failure to comply is willful.

120.   Additionally, the Experian knew that the information pertaining to the Santander Account is inaccurate or should have known upon reasonable investigation.

121.   By doing so, Experian prejudiced Plaintiff by adversely impacting his credit worthiness, his ability to utilize his credit, and tarnishing his credit reputation.

122.   By its actions, or better said lack of action in complying with the basic statutory obligations, Experian has also caused mental and emotional distress to Plaintiff, stemming from the above damage caused to Plaintiff's credit worthiness.

123.   Pursuant to 15 U.S.C. § 1681(n), Plaintiff is entitled to recover actual or statutory damages, and/or punitive damages, and the costs of the action together with reasonable attorney's fees as determined by the court for the Experian's willful violation.

124.   Experian acted grossly negligent by ignoring its obligations.

125.   Accordingly, Plaintiff is entitled to recover actual damages, and the costs of the action together with reasonable attorney's fees as determined by the court. *See* 15 U.S.C. § 1681(o).

126.   The concrete amount of each category of damages Plaintiff suffered is to be established, but the actual and punitive damages should be no less than $100,000.00.

## COUNT V
### Against Experian
### Failure To Properly Implement An Automated System
### (15 U.S.C. § 1681i[a][5][D])

127.   Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

128.   At all relevant times, Experian was a credit reporting agency operating nationwide.

129.   Under 15 U.S.C. § 1681i(a)(5)(D), Experian had the obligation to implement through which furnishers of information to that consumer reporting agency may report the results of a reinvestigation that finds incomplete or inaccurate information in a consumer's file to other such consumer reporting agencies.

130.   Upon information and belief, Experian failed to implement the mandatory automated system, or did so with delay.

131.   Experian knew or should have been fully aware of its statutory obligations, and its failure to comply is willful.

132.   Additionally, Experian knew that the information pertaining to the Santander Account is inaccurate or should have known upon reasonable investigation.

133.   By doing so, Experian prejudiced Plaintiff by adversely impacting his credit worthiness, his ability to utilize his credit, and tarnishing his credit reputation.

134.   By its actions, or better said lack of action in complying with the basic statutory obligations, Experian has also caused mental and emotional distress to Plaintiff, stemming from the above damage caused to Plaintiff's credit worthiness.

135.   Pursuant to 15 U.S.C. § 1681(n), Plaintiff is entitled to recover actual or statutory damages, and/or punitive damages, and the costs of the action together with reasonable attorney's fees as determined by the court for Experian's willful violation.

136.     Experian acted grossly negligent by ignoring its obligations.

137.     Accordingly, Plaintiff is entitled to recover actual damages, and the costs of the action together with reasonable attorney's fees as determined by the court. *See* 15 U.S.C. § 1681(o).

138.     The concrete amount of each category of damages Plaintiff suffered is to be established, but the actual and punitive damages should be no less than $100,000.00.

**COUNT VI**
**Against Experian**
**Failure To Ensure The Accuracy Standard**
**(15 U.S.C. § 1681e[b])**

139.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

140.     Under 15 U.S.C. § 1681e(b), reasonable procedures must be followed "to assure maximum possible accuracy of the information concerning the individual about whom the report relates," whenever a consumer reporting agency prepares a consumer report.

141.     Experian prepared a report containing inaccurate information. *See* **Exs. B** and **C.**

142.     Upon information and belief, this is the result and the expression of Experian's failure to comply with 15 U.S.C. § 1681e(b).

143.     Experian knew or should have been fully aware of their statutory obligations, and their failure to comply is willful.

144.     Additionally, Experian knew that the information pertaining to the Santander Account is inaccurate or should have known upon reasonable investigation.

145.     By doing so, Experian prejudiced Plaintiff by adversely impacting his credit worthiness, his ability to utilize his credit, and tarnishing his credit reputation.

146.     By its actions, or better said lack of action in complying with the basic statutory obligations, Experian has also caused mental and emotional distress to Plaintiff, stemming from the above damage caused to Plaintiff's credit worthiness.

147.     Pursuant to 15 U.S.C. § 1681(n), Plaintiff is entitled to recover actual or statutory damages, and/or punitive damages, and the costs of the action together with reasonable attorney's fees as determined by the court for Experian's willful violation.

148.     Experian acted grossly negligent by ignoring its obligations.

149.     Accordingly, Plaintiff is entitled to recover actual damages, and the costs of the action together with reasonable attorney's fees as determined by the court. *See* 15 U.S.C. § 1681(o). The concrete amount of each category of damages Plaintiff suffered is to be established, but the actual and punitive damages should be no less than $100,000.00.

## COUNT VII
### Against Santander and Santander Consumer
### Failure To Provide Accurate Information And To Correct And Update Information
### (15 U.S.C. §§ 1681s-2[a][1][A] and [2])

150.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

151.     At all relevant times, Santander was a financial institution and/or a card issuer under 15 U.S.C. §§ 1681a (r)(1) and (t).

152.     At all relevant times, Santander Consumer was a financial institution under 15 U.S.C. § 1681a (r)(1).

153.     At all relevant times, Santander and Santander Consumer were interconnected, as the latter is one of the several financial companies comprising Santander.

154.     At all relevant times, Santander and Santander Consumer were furnishers of information under 15 U.S.C. § 1681s-2.

155.    Pursuant to 15 U.S.C. § 1681s-2(a)(1)(A), Santander and Santander Consumer should "not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

156.    Furthermore, 15 U.S.C. § 1681s-2(a)(2) establishes the duty to correct and update the inaccurate information with the consumer reporting agencies to which such information was previously provided.

157.    Santander and Santander Consumer had the duty to "promptly notify" Experian regarding the payment in full of the Santander Account, and provide "any corrections to that information, or any additional information, that is necessary to make the information provided … complete and accurate," and to not provide thereafter "any of the information that remains not complete or accurate." *See* 15 U.S.C. § 1681s-2(a)(2).

158.    However, in violation of the above, Santander and Santander Consumer provided erroneous information regarding the Santander Account to the credit consumer agencies, and also failed to correct and update it.

159.    Santander and Santander Consumer had specific knowledge that the information provided is inaccurate, as they were aware that the Santander Account was paid in full since 12/23/2021. *See* **Ex. A**, which includes Santander Consumer's September 21, 2023 letter.

160.    Santander and Santander Consumer were also specifically aware of their duty to correct and update.

161.    The violations are even more poignant considering that months after the payment was made - fact of which both entities were or reasonably should have been aware immediately since they received the payment - they continued to furnish inaccurate information and/or failed to update it months thereafter.

162.   Despite acknowledging the payment in full months after payment occurred, and assuming in writing the promise to "take the necessary steps to update our records with the payoff" (*see* **Ex. A**), they failed to keep this promise.

163.   By failing to comply with their obligations and furnishing erroneous information which was included in Plaintiff's credit report, Santander and Santander Consumer damaged Plaintiff's credit worthiness, his ability to utilize his credit, and his credit reputation.

164.   Furthermore, this also caused mental and emotional distress to Plaintiff, stemming from the above damage.

165.   Plaintiff is entitled to actual, statutory, and punitive damages, and to recover reasonable attorneys' fee and costs pursuant to 15 U.S.C. §§ 1681(n) and/or (o), in an amount to be established, but no less than $150,000.00.

166.   Santander and Santander Consumer's statutory obligations were doubled by a promise (*see* Santander Consumer's September 21, 2023 letter), and Santander and Santander Consumer failed on both. This justifies an award of punitive damages in an amount ensuring a deterring effect, so that similarly situated entities do not follow the same conduct.

<u>COUNT VII</u>
**Against Santander And Santander Consumer**
**Failure To Investigate Properly And Timely**
**(15 U.S.C. §§ 1681s-2[b][1][A] through [B] and [b][2])**

167.   Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

168.   On November 15, 2023, Plaintiff sent a notice of dispute to Experian.

169.   Pursuant to 15 U.S.C. § 1681(a)(2)(A) and (B), [b]efore the expiration of the 5-business-day" of the receipt of Plaintiff's notice of dispute (*i.e.*, on November 25, 2023), Experian should have notified Santander and/or Santander Consumer.

170.    Upon information and belief, Santander and/or Santander Consumer were notified by Experian regarding Plaintiff's dispute and provided with his notice and supporting documents.

171.    After being notified by Experian, Santander and/or Santander Consumer had a duty to properly investigate. *See* 15 U.S.C. § 1681s-2(b)(1)(A) through (B).

172.    Santander and/or Santander Consumer had a duty to consider all the relevant information provided by Plaintiff. *See id*.

173.    Santander and/or Santander Consumer should have finalized the investigation before the time provided by 15 U.S.C. § 1681i(a)(1) expired, *i.e.*, before the lapsing of the 30-day time-frame within which Experian had to complete its duties triggered by Plaintiff's notice. *See* 15 U.S.C. § 1681s-2(b)(2).

174.    Upon information and belief, Santander and/or Santander Consumer failed to comply with their obligations above.

175.    Santander's and Santander Consumer's failure to comply was a direct and proximate cause and/or played a substantial role in bringing about Plaintiff's injury.

176.    In failing to comply with these obligations, Santander and Santander Consumer acted willfully and/or recklessly negligent, as they had specific knowledge of both the inaccuracy of the information they furnished, and of their legal duties.

177.    Santander and Santander Consumer had reasonable cause to believe that the information is inaccurate, and they had to act accordingly, pursuant to the statutory mandate. *See* **Ex. A**, which includes the Santander Consumer's September 21, 2023 letter.

178.    Plaintiff is entitled to actual, statutory, and punitive damages, and to recover reasonable attorneys' fee and costs pursuant to 15 U.S.C. §§ 1681(n) and/or (o), in an amount to be established, but no less than $150,000.00.

**COUNT IX**
**Against Santander And Santander Consumer**
**Failure To Timely Report**
**(15 U.S.C. §§ 1681s-2[b][1][C] through [D] and [b][2])**

179.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

180.    15 U.S.C. §§ 1681s-2(b)(1)(C) and (D) prescribe the mandatory course of action following a properly conducted investigation after being notified by a consumer reporting agency regarding a consumer's dispute.

181.    Santander and Santander Consumer had all the necessary information to determine that the disputed information is inaccurate.

182.    Santander and Santander Consumer had access to their own payment records and to Santander Consumer's September 21, 2023 letter.

183.    Santander and Santander Consumer failed to report to Experian and to "all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis." *See* 15 U.S.C. § 1681s-2(b)(1)(C) and 15 U.S.C. §1681s-2(b)(1)(D).

184.    These reports should have been transmitted prior to the expiration of the 30-day period provided by 15 U.S.C. §1681i(a)(1) within which Experian was required to complete its actions.

185.    Santander' and/or Santander Consumer's failure prevented a favorable and timely resolution of the issue, and further deepened the damages suffered by Plaintiff.

186.    Santander's and Santander Consumer's failure to comply was a direct and proximate cause and/or played a substantial role in connection to Plaintiff's injury.

187.   In failing to comply with these obligations, Santander and Santander Consumer acted willfully and/or with reckless negligence, as they had specific knowledge of both the inaccuracy of the information they furnished, and of their legal duties.

188.   Santander and Santander Consumer had reasonable cause to believe that the information is inaccurate, and they had to act accordingly. *See* **Ex. A**, which includes the Santander Consumer's September 21, 2023 letter.

189.   Plaintiff is entitled to actual, statutory, and/or punitive damages, and to recover reasonable attorneys' fee and costs pursuant to 15 U.S.C. §§ 1681(n) and/or (o), in an amount to be established, but no less than $150,000.00.

<u>**COUNT X**</u>
**Against Santander And Santander Consumer**
**Failure To Modify/Delete/Permanently Block The Inaccurate Information**
**(15 U.S.C. § 1681s-2[b][1][E])**

190.   Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

191.   Santander and Santander Consumer failed to (i) modify the information pertaining to the Santander Account; or (ii) to delete the information; or (iii) permanently block the reporting of this item of information. *See* 15 U.S.C. §1681s-2(b)(1)(D).

192.   Santander and Santander Consumer had the obligation to take one of the above measures even if the inaccuracy raised by Plaintiff's notice could not have been verified upon investigative effort. *See* 15 U.S.C. § 1681s-2(b)(1)(D).

193.   However, Santander and Santander Consumer had all the necessary information to determine that the disputed information is inaccurate.

194. Based on Santander Consumer's September 21, 2023 letter alone, Santander and Santander Consumer could have easily determine that the information furnished to Experian regarding the Santander Account is inaccurate.

195. Santander and Santander Consumer ignored their express promise to "take the necessary steps to update our records with the payoff." *See* Santander Consumer's September 21, 2023 letter (**Ex. A**).

196. Santander and Santander Consumer acted willfully, as they had specific knowledge of both the inaccuracy of the information they furnished, and of their legal duties.

197. Santander's and Santander Consumer's failure to comply was a direct and proximate cause and/or played a substantial role in connection to Plaintiff's injury.

198. Plaintiff is entitled to actual, statutory, and/or punitive damages, and to recover reasonable attorneys' fee and costs pursuant to 15 U.S.C. §§ 1681(n) and/or (o), in an amount to be established, but no less than $150,000.00.

## <u>COUNT XI</u>
**Against Santander And Santander Consumer**
**Failure To Provide Plaintiff With The Required Notice**
**(15 U.S.C. § 1681s-2[a][7])**

199. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

200. The inaccurate information pertaining to the Santander Account is a negative information under 15 U.S.C. § 1681s-2(a)(7)(G), *i.e.*, "information concerning a customer's delinquencies, late payments, insolvency, or any form of default."

201. At all relevant times, Experian were consumer reporting agencies that compile and maintain files on consumers on a nationwide basis.

202.    Santander and Santander Consumer provided the information regarding the Santander Account to the Experian and other similarly positioned agencies.

203.    At all relevant times, Plaintiff was a consumer.

204.    Plaintiff was entitled to notice in writing pursuant to 15 U.S.C. § 1681s-2(a)(7) "prior to, or no later than 30 days after" Santander and/or Santander Consumer provided Experian with the inaccurate information regarding the Santander Account.

205.    Santander and Santander Consumer failed to send Plaintiff the required written notice.

206.    If such notice was sent, however, it was defective, as it did not include the necessary information and/or contained inaccurate information and/or was not provided within the mandatory time frame.

207.    Santander and Santander Consumer acted willfully, as they had specific knowledge of their legal duties.

208.    Santander's and Santander Consumer's failure to comply was a direct and proximate cause and/or played a substantial role in connection to Plaintiff's injury.

209.    Plaintiff is entitled to actual, statutory, punitive damages, and to recover reasonable attorneys' fee and costs pursuant to 15 U.S.C. §§ 1681(n) and/or (o), in an amount to be established, but no less than $50,000.00.

**COUNT XII**
**Against Santander And Santander Consumer**
**Use of False, Deceptive, or Misleading Representations**
**(FDCPA – 15 U.S.C. § 1692e)**

210.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

211.    Plaintiff is a "consumer" as defined by the FDCPA. *See* 15 U.S.C. § 1692a(3).

212.    Santander and/or Santander Consumer act as a "debt collector" as defined by the FDCPA, within their regular course of business. *See* 15 U.S.C. § 1692a(6).

213.    The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

214.    "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed" is one of the examples of the conducts in violation of FDCPA. See 15 U.S.C. § 1692e(8).

215.    Santander and Santander Consumer furnished the information Experian used to compile Plaintiff's credit report.

216.    Based on Santander Consumer's September 21, 2023 letter, it can be reasonably inferred that Santander and Santander Consumer knew that the information furnished to Experian regarding the Santander Account was inaccurate.

217.    Santander and Santander Consumer failed to update its records, and to correct the information furnished and used for credit reporting purposes.

218.    As a result of the foregoing violation, Plaintiff is entitled to actual and statutory damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C. § 1692k.

**STATE LAW CLAIMS**

219.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

**COUNT XIII**
**Against Experian**
**Failure To Comply With The Procedures For Resolving Disputes**
**(GBL § 380-f)**

220.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

221.    At all relevant times, Experian was a consumer reporting agency and a consumer credit reporting agency under GBL §§ 380-a(e) and (k).

222.    At all relevant times, Plaintiff was a consumer under GBL § 380-a(b).

223.    At all relevant times, the information included in the credit report compiled by Experian contained adverse information under GBL § 380-a(h), *i.e.*, " information that is likely to have a negative effect upon the ability or eligibility of a consumer to obtain credit, insurance, employment, or other benefits, goods or services or information that is either wholly or partially responsible for increases in charges for credit or insurance."

224.    GBL § 380-f prescribes the procedure for resolving disputes directly conveyed by the consumer to the consumer reporting agencies.

225.    Plaintiff disputed the erroneous information pertaining to the Santander Account with Experian on November 15, 2023. *See* **Ex. A.**

226.    Once in receipt of Plaintiff's dispute, Experian should have "promptly re-investigate and record the current status" of the erroneous information. *See* GBL § 380-f(a).

227.    Furthermore, Experian should have promptly notified Plaintiff of the result of its investigation, its decision on the status of the information. and his rights pursuant to GBL § 380. *See id*.

228.    Upon information and belief, Experian failed to take the appropriate actions under GBL § 380-f(b), *i.e.*: (1) promptly expunging the item and otherwise correcting the file; (2) refraining from reporting the item in subsequent consumer reports; and (3) clearly and conspicuously disclosing to Plaintiff his rights to make a request for notification to other persons regarding the corrected information.

229.    In light of Plaintiff's dispute and Santander Consumer's September 21, 2023 letter, the Santander Account should have been completely expunged, so as to not impact Plaintiff's credit.

230.    If despite being in possession of all the documents necessary to expunge Experian was unable to resolve the dispute, then it should have complied with all obligations listed under GBL § 380-f(b)(4), GBL § 380-f(c), and GBL § 380-f(c), by forwarding Plaintiff a copy of the statement therein provided, and allowing him the opportunity for his statement to be included in the subsequent reports, and "promptly mail the consumer a corrected written copy of the file, reflecting any changes, with an explanation of any code used, at no charge to the consumer." *See* GBL § 380-f[c]).

231.    Upon information and belief, Experian failed to comply.

232.    Experian's failures further deepened the damage suffered by Plaintiff.

233.    Experian's failures are a direct and proximate cause and/or played a substantial role in connection to Plaintiff's injury.

234.     In failing to comply with these obligations, Experian acted willfully and/or with reckless negligence, as it was or should have been fully aware of both its obligations within the investigation, and that Plaintiff's dispute has merits.

**COUNT XIV**
**Against Santander And Santander Consumer**
**Deceptive Acts And Practices**
**(GBL § 349)**

235.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

236.     GBL § 349(a) declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service."

237.     Pursuant to 15 U.S.C. § 1681t, the relevant subchapter of the FCRA does "not annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to the collection, distribution, or use of any information on consumers, … except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency."

238.     Upon information and belief, there is no inconsistency between the obligations incumbent upon Santander and Santander Consumer under each of these statutes.

239.     At all relevant times, Plaintiff was a consumer.

240.     At all relevant times, Santander and Santander Consumer were involved in and/or conducted "business, trade or commerce or in the furnishing of" financial services to consumers.

241.     At all relevant times, Santander and Santander Consumer were involved in a contractual relationship.

242.     Plaintiff was led into a contractual relationship with Santander and Santander Consumer by their representations that they provide consumers with financing, helping them towards financial well-being.[2]

243.     At all relevant times, Santander and Santander Consumer conducted their business under the guise of their purpose being "to help people and businesses across the U.S. prosper" and aiming to be the "bank of choice" by "acting responsibly and earning the lasting loyalty of our people, customers, shareholders and communities."[3]

244.     Therefore, at all relevant times, Santander and Santander Consumer's conduct aimed at consumers at large, and thus it is "consumer-oriented," as it can "potentially affect[s] similarly situated consumers.'" *See Wilson v. Northwestern Mut. Ins. Co.*, 625 F.3d 54, 64 (2d Cir. 2010) (initial citations omitted).

245.     Plaintiff was led into a contractual relationship with Santander and Santander Consumer by relying on the fact that, as promised, they act responsibly and aim to help their customers prosper.

246.     However, the above materially clashes with the failure to promptly update records after the Santander Account was paid in full, and more so, expressly acknowledged as being paid (*see* Santander Consumer's September 21, 2023).

247.     There is a material disconnect between holding oneself out to consumers as a financial institution acting responsibly and aiming to help their financial well-being and prosperity and the failure to update own records.

248.     There is a material disconnect between holding oneself out to consumers as a financial institution acting responsibly, and aiming to help consumers to achieve financial well-

---

[2] *See* https://santanderconsumerusa.com/.
[3] *See* https://www.santanderus.com/.

being, and providing inaccurate information regarding the Santander Account, failing to timely and properly investigate once on notice of a consumer disputing an inaccuracy, failing to modify, failing to notify, and/or failing to modify, deleting or permanently blocking the reporting of the inaccurate information, just to list several examples of Santander and Santander Consumer's actions and inactions, which underscore the deceptiveness of their representations and/or promises.

249.   Santander and Santander Consumer's failures in connection with the Santander Account are antithetic to acting towards Plaintiff's financial well-being; rather, they lead to ruin.

250.   Santander and Santander Consumer's failures prejudiced Plaintiff by adversely impacting his credit worthiness, his ability to utilize his credit, and tarnishing his credit reputation, achieving the opposite of Plaintiff's financial well-being and prosperity.

251.   Had Plaintiff known that Santander and Santander Consumer were not actually acting responsibly, and that their failure to comply with statutory and contractual obligations would hurt his credit, Plaintiff would not have agreed to a contractual relationship with them, but instead, would have chosen a different entity acting in the specific market.

252.   The Santander Account was paid off in December 2021.

253.   Had Plaintiff known that Santander and Santander Consumer would not act promptly to correct their records, he would not have allowed months to pass marked by an existing inaccuracy compounding his injury.

254.   Santander and Santander Consumer acted willfully and knowingly in violating their obligations under GBL § 349.

255.   Plaintiff is entitled to actual and statutory damages, and to recover reasonable attorneys' fees. *See* GBL § 349(h).

<u>**COUNT XV**</u>
**Against Santander And Santander Consumer**
**Breach Of Contract And Breach Of The Covenant Of Good Faith And Fair Dealing**

256.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

257.     At all relevant times, there was a contractual relationship between Santander and Santander Consumer and Plaintiff, as materialized by the Santander Account and the Santander Consumer's September 21, 2023 letter.

258.     Per Santander Consumer's September 21, 2023 letter, the Santander Account was "paid in full on 12/23/2021," and Santander Consumer and Santander promised to "take the necessary steps to update our records with the payoff." *See* **Ex. A**.

259.     While Plaintiff complied with his obligations, Santander and Santander Consumer failed to update their records to reflect the same, despite having this contractual obligation.

260.     The above further translated into inaccurate information pertaining to the Santander Account being furnished by Santander Consumer and Santander to consumer reporting agencies.

261.     Additionally, Plaintiff relied on the promise included in Santander Consumer's September 21, 2023 letter.

262.     A covenant of good faith and fair dealing is implicit in every contractual relationship.

263.     Santander and Santander Consumer breached their duty of good faith and fair dealing towards Plaintiff.

264.     Santander's and Santander Consumer's breach of their duty of good faith and fair dealing was a direct and proximate cause and/or played a substantial role in bringing about Plaintiff's injury.

265.    Santander Consumer and Santander's failure to comply with their contractual obligations and the covenant of good faith and fair dealing prejudiced Plaintiff, as it affected Plaintiff's credit worthiness, his ability to utilize his credit, and damaged his credit reputation, and it continues to do so.

266.    Furthermore, this also caused mental and emotional distress to Plaintiff, stemming from the above damage caused to Plaintiff's credit worthiness, his ability to utilize his credit, and damages his credit reputation.

267.    Plaintiff is entitled to actual damages in an amount to be established, but no less than $76,000.00.

## JURY DEMAND

268.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE,** Plaintiff demands judgment in his favor awarding him statutory damages, actual and punitive damages in an amount to be established by the trier of facts, but which should be no less than $100,000.00 as against Experian and no less than $226,000.00 as against Santander and/or Santander Consumer, together with reasonable attorneys' fees and costs, as well as the removal of all information in connection with the Santander Account on Plaintiff's credit report.

Dated: Brooklyn, New York
            March 18, 2024

**PETROFF AMSHEN LLP**
*Attorneys for Plaintiff,*
Lennon V. Peters

/s/ *Maria G. Garber*
Maria G. Garber, Esq.
1795 Coney Island Avenue, Third Floor
Brooklyn, New York 11230
Telephone: (718) 336-4200
Email: MGarber@petroffamshen.com